02-10-328-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00328-CR 

 

 


 
 
 JAMES GARLAND RHODES
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE 432ND DISTRICT COURT OF
TARRANT COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          On May 28, 2010,
as part of a plea bargain agreement, Appellant James Garland Rhodes pleaded
guilty to aggravated sexual assault of a child under
fourteen years of age, and the trial court sentenced him to twenty years’
confinement.  Also on May 28, 2010, the
trial court certified that this is a plea bargain case and that Appellant has
no right to appeal.  On July 8, 2010,
Appellant filed a notice of appeal.  On
August 10, 2010, we notified Appellant’s counsel that Appellant’s notice of
appeal was not timely filed, that the certification indicating that Appellant
had no right to appeal had
been filed in this court, and that this appeal could be dismissed unless Appellant or any party desiring to continue the
appeal filed a response showing grounds for continuing the appeal on or before
August 20, 2010.  See Tex. R. App. P. 25.2(d), 44.3.  To date, we have received no response showing
any grounds for continuing the appeal.

Rule 25.2(a)(2) limits
the right of appeal in a plea-bargain case to matters that were raised by
written motion filed and ruled on before trial or to cases in which the
appellant obtained the trial court’s permission to appeal.  Tex. R. App. P. 25.2(a)(2).  The trial court’s
certification denied permission to appeal, and Appellant does not challenge a
pretrial ruling on a written motion or the validity of his waiver of the right
to appeal such a motion.  Further,
under rule 25.2(b), appeal is perfected by filing a timely notice of
appeal.  Tex. R. App.
P. 25.2(b).  Under rule 26.2(a),
notice of appeal is timely if filed within thirty days after the day sentence
is imposed or suspended in open court or within ninety days if appellant timely
files a motion for new trial.  Tex. R. App. P. 26.2(a). 
Appellant did not file a motion for new trial, and his notice of appeal
was not filed within thirty days after his sentence was imposed.  Accordingly, we
dismiss this appeal.  See Tex. R. App. P. 25.2(d), 43.2(f). 

 

 

                                                                             PER
CURIAM

                                                                        

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT,
J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 21, 2010











[1]See Tex. R. App. P. 47.4.